# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TY INC., ) | |
| ) | |
| Plaintiff. ) | Case No. |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| TARGET CORPORATION and ) | |
| MGS GROUP, LTD., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Ty Inc. ("**Ty**"), by and through its attorneys, Ulmer & Berne, LLP, for its Complaint against Defendants Target Corporation ("**Target**") and MGS Group, Ltd. ("**MGS**" and collectively with Target, "Defendants"), states as follows:

## NATURE OF THE ACTION

1. This is a federal question action involving claims under the Copyright Act, 17 U.S.C. § 101, *et seq*. Ty asserts claims against Defendants for copyright infringement arising from the manufacture, import, display, distribution, offer to sell, and sale of a multi-colored plush toy product by Defendants which infringes upon the federal copyright registration owned by Ty for its "Rainbow" BEANIE BOOS® multi-colored plush toy poodle. Notwithstanding notice and repeated requests from Ty to Defendants to cease and desist from infringing upon Ty's federal copyright registration, Defendants continue to willfully manufacture, import, display, distribute, sell and/or offer for sale their infringing product.

## PARTIES

**Plaintiff**

2. Ty is a Delaware corporation with its principal place of business in Westmont, Illinois. Ty is a leading manufacturer of plush toys.

**Defendants**

3. Target Corporation is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Target operates an international chain of retail discount stores throughout the United States and in India, including stores in this District. Target sells merchandise at its store locations in this District and elsewhere, including the infringing plush toy product at issue here.

4. MGS Group, Ltd., upon information and belief, is a limited company organized under foreign laws that represents to the public and consumers through a hang tag on its infringing plush toy poodle sold at Target that it has offices and/or manufacturing facilities at 125, Qi Wen Road, Hai Shu, Ningbo, China. However, upon information and belief, MGS does not, in fact, have offices or manufacturing facilities at that location.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this copyright infringement dispute under 28 U.S.C. § 1331 and 1338(a) and (b).

6. Defendants are subject to personal jurisdiction in Illinois because, among other things, they transact business within the state (either directly or through the stream of commerce) and Ty incurred injuries in Illinois as a result of Defendants' violation(s) of Ty's rights under U.S. copyright laws. Further, upon information and belief, Target owns, uses, or possesses real property in Illinois.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Ty's claims occurred in this judicial district, and 28 U.S.C. § 1400(a) because this is a civil action arising under the Copyright Act.

## STATEMENT OF FACTS

**Ty's Federal Copyright Registration for its "Rainbow" BEANIE BOOS® Plush Toy Poodle**

8. Ty is the owner and manufacturer of a line of plush toys sold under its registered trademark BEANIE BOOS®. One of the products in this line is "Rainbow", a multi-colored plush toy poodle. Since their introduction and continuing to date, Ty's BEANIE BOOS® line of plush toys has enjoyed tremendous commercial success, including, its Rainbow plush toy poodle.

9. Ty is the owner of a valid copyright for its "Rainbow" multi-colored plush toy poodle (the "Copyrighted Work"). The United States Certificate of Copyright Registration (VAu 1-276-179) for the Copyrighted Work is attached hereto as **Exhibit 1**.

10. The Copyrighted Work is shaped like a cute colorful poodle dog, complete with round eyes surrounded by a colorful and sparkled ring, rainbow-colored fur, attached ears, and a tail as depicted in the following photographs and more fully in the attached group **Exhibit 2** (full-size copies of the same photographs, which were filed as deposit material with Ty's U.S. copyright application):



11.     Ty's products, including the Copyrighted Work at issue, are widely disseminated and sold throughout the United States as well as in numerous foreign countries, including China and Hong Kong.

**Defendants' Sale of a Knock-off Multi-Colored Plush Toy Product Manufactured by MGS**

12.     Defendants have manufactured, imported, displayed, distributed and sold, and are continuing to sell and offering to sell a multi-colored plush toy product that is a substantially and strikingly similar imitation to the Copyrighted Work (the "Infringing Work").  Indeed, as can be seen below, the Infringing Work is virtually identical to the Copyrighted Work.  Photographs of the Infringing Work are attached hereto as group **Exhibit 3** and depicted below:

     

13.     The Infringing Work has a hang tag identifying MGS:



14. The Infringing Work has the same distinctive features as the Copyrighted Work, including, but not limited to, its characteristics as a plush toy poodle with round eyes surrounded by a colorful and sparkled ring, rainbow-colored fur, attached ears, and a tail. The design and fabric coloration between the two products is virtually indistinguishable.

15. The Infringing Work is being marketed as a children's product for use by a child 12 years of age or younger and indeed the hang tag on the product states that the product is for "New born & up."

16. Among other things, the Consumer Product Safety Improvement Act of 2008, 15 U.S.C. § 2051, *et seq.* ("CPSIA"), requires manufacturers of children's products, such as the Infringing Work sold by Defendants, to undergo third-party product testing for compliance with applicable federal children's product safety requirements. Regulations under the CPSIA require manufacturers or importers of children's products to furnish a certificate that its children's product complies with all applicable children's product safety requirements.

17. Upon information and belief, Defendants have never certified that the Infringing Work complies with applicable federal children's product safety requirements and neither defendant has furnished a Certificate of Conformity within the meaning of the CPSIA and/or related federal regulations.

18. Ty's business reputation and goodwill has been damaged and is continuing to be damaged by Defendants' offer to sell and/or sale of the Infringing Work, which is being marketed as a children's product and does not, upon information and belief, legally comply with the CPSIA and/or satisfy applicable children's product safety requirements.

19. Defendants are not licensed by Ty and at no time relevant to this dispute were they ever authorized by Ty or any authorized agent of Ty to display, distribute, sell, offer for sale, manufacture, import and/or reproduce the Copyrighted Work.

**Ty's Cease and Desist Letters to Defendants**

20. On March 2, 2018, counsel for Ty sent a letter to Target via overnight courier and by facsimile demanding that Target take immediate steps to have the Infringing Work removed from Target's retail stores and confirm that it will do so. A copy of the March 2, 2018 letter to Target is attached hereto as **Exhibit 4**.

21. Target has failed and refused to confirm that it will take any immediate steps to have the Infringing Work removed from its retail stores.

22. Target's failure to take immediate steps to have the Infringing Work removed from their retail stores in this District and nationally has been willful and deliberate and will continue to Ty's irreparable harm unless enjoined by this Court.

23. On March 5, 2018, counsel for Ty sent a letter to MGS via international courier to the address listed on the hang tag for the Infringing Work—125, Qi Wen Road, Hai Shu, Ningbo, China. However, the letter was returned undeliverable because the address on the hang tag for the Infringing Work is false. A copy of the March 5, 2018 letter to MGS is attached hereto as **Exhibit 5**.

24. On March 19, 2018, counsel for Ty sent another letter to MGS via international courier to an alternate address 8/F, Hong Kong Spinners Industrial Building, 818 Cheung Sha Wan Road, Kowloon, Hong Kong because the address for MGS on the hang tag for the Infringing Work offered for sale and/or sold by Target is false. The March 19, 2018 letter to MGS demanded that MGS immediately cease the unauthorized use, sale and/or distribution of

the Infringing Work and confirm in writing that it will do so. A copy of the March 19, 2018 letter to MGS is attached hereto as **Exhibit 6**.

25. Subsequent to March 19, 2018, counsel for Ty communicated with a representative of MGS about the alleged copyright infringement, but MGS thus far has failed and refused to immediately cease the unauthorized use, sale and/or distribution of the Infringing Work.

26. MGS's failure to immediately cease the unauthorized use, sale and/or distribution of the Infringing Work has been willful and deliberate and will continue to Ty's irreparable harm unless enjoined by this Court.

## COUNT I – COPYRIGHT INFRINGEMENT

27. Ty repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

28. Ty owns a valid copyright for its "Rainbow" multi-colored plush toy poodle, the referenced "Copyrighted Work."

29. Ty has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright in its Rainbow multi-colored plush toy poodle, VAu 1-276-179, and in compliance with the law has received from the Register of Copyrights the appropriate Certificate of Registration which constitutes *prima facie* evidence of the validity of its copyright and the facts stated in the certificate.

30. Defendants have never sought, and Ty has never granted to Defendants, any license to make or market unauthorized and unlicensed copies of the Copyrighted Work.

31. Defendants have been exposed to and had access to Ty's Copyrighted Work due to the global, widespread dissemination of Ty's Copyrighted Work.

32. By creating, manufacturing, distributing, offering for sale, and selling to the public and/or consumers a multi-colored plush toy poodle product, the referenced "Infringing Work," which is substantially and strikingly similar to the Copyrighted Work, Defendants not only have infringed upon Ty's copyright in its product, but their collective refusal and failure to take immediate steps to cease and desist demonstrates continuing unlicensed and infringing activities.

33. Defendants' unauthorized acts relating to the Infringing Work presently constitute, and will continue to constitute, willful and deliberate infringement of Ty's exclusive rights under copyright to the Copyrighted Work.

34. Though their acts of copyright infringement relating to the Infringing Work, Defendants have unlawfully derived, and will continue to derive, income and profits from their infringing acts and Ty has sustained, and will continue to sustain, substantial injury, loss, and damage.

35. As a direct and proximate result of Defendants' acts of copyright infringement, Ty is entitled to actual damages and Defendants' profits under 17 U.S.C. § 504(b) or, in the alternative, the maximum statutory damages in the amount of $150,000 with respect to each infringed copyright under 17 U.S.C. § 504(c).

36. Ty also is entitled to its attorneys' fees under 17 U.S.C. § 505.

37. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause irreparable injury to Ty that cannot be fully compensated or measured in monetary damages. Ty has no adequate remedy at law and, under 17 U.S.C. § 502, is entitled to preliminary and permanent injunctive relief prohibiting Defendants from continuing to infringe Ty's copyright in the Copyrighted Work.

WHEREFORE, Plaintiff Ty Inc. demands judgement as follows:

(a) Preliminarily and permanently restraining and enjoining Defendants, their officers, agents, servants, employees, and all persons acting in concert with or on their behalf from advertising, forwarding, displaying (either on a website or otherwise), selling, offering for sale, or in any way commercially exploiting unlawful and unauthorized copies of the Copyrighted Work.

(b) For an award of Defendants' profits and actual monetary damages sustained by Ty in such amounts as may be found, and as enhanced by reason of Defendants' intentional copyright infringement; or in lieu thereof, if elected by Ty, for the maximum statutory damages as permitted under the Copyright Act; and for such other amounts as may be proper under 17 U.S.C. § 504; and for an order preliminarily and permanently enjoining Defendants from infringing Ty's copyrighted work; and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505.

(c) Directing that Defendants to pay to Ty the costs of this action, including Ty's reasonable attorneys' fees incurred herein.

(d) For an award of pre-judgment and post-judgment interest on any monetary awards.

(e) For any other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff Ty Inc. hereby demands a trial by jury on all claims triable.

DATED: April 2, 2018             Respectfully submitted,

**TY INC.**

/s/ Scott E. Rogers
One of its attorneys

Scott E. Rogers (#6237984)
Booker T. Coleman, Jr. (#6305324)
Anisha A. Mehta (#6321114)
ULMER & BERNE LLP
500 W. Madison St., Suite 3600
Chicago, IL 60661
312.658.6500
312.658.6501 (fax)
srogers@ulmer.com
bcoleman@ulmer.com
amehta@ulmer.com

***Attorneys for Plaintiff Ty Inc.***