# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 2354 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| TARGET CORPORATION and | ) | |
| MGS GROUP, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Executive Committee reassigned this case to me on November 18, 2019, on a referral from Judge Pacold, who had just been sworn in as a district judge in the Northern District of Illinois. The referral included two motions, one an eight-month-old discovery motion [Dkt. #82] and the other a motion for discovery sanctions under Fed.R.Civ.P. 36(a)(3). [Dkt. #122]. Because the posture of these proceedings has become clouded, to say the least, the parties are all ordered to appear for status in courtroom 1003 on 12/9/19 at 8:30 a.m. on the Motion to Compel the Production of Documents from MSG and Target. [Dkt. #82].[1]

The Complaint was served on MGS in Hong Kong on April 25, 2018 [Dkt. #17], and two attorneys filed appearances for the corporate defendant on May 15, 2019. [Dkt. ##18, 19]. They filed a motion for an extension of time in which to answer the Complaint that same day. [Dkt. #20]. Judge Pallmeyer granted that motion, and MGS's Answer was due on June 4, 2018. [Dkt. # 22]. On June 1st, MGS filed another motion for an extension of time in which to answer, which Judge

---

[1] As will be seen, the Motion to Deem Requests Admitted [Dkt. #122] is unnecessary under the Federal Rules of Civil Procedure.

Pallmeyer granted, setting the new deadline as June 13th. [Dkt. ##23, 25]. MGS filed its Answer on that date. [Dkt. # 30]. The parties commenced MIDP discovery on July 13th and filed an agreed Confidentiality Order on the 16th. [Dkt. ## 39-42].

The parties entered settlement discussions, and Judge Pallmeyer allowed an MIDP extension to that end on August 27, 2018. [Dkt. # 49]. But, things weren't going too well: Target responded to Ty's settlement demand by deferring to MGS's position, but MGS hadn't advanced a position by the time of the parties' Rule 16 conference. [Dkt. # 51]. MGS finally did respond on behalf of both defendants on August 20, 2018. MGS continued to speak for both itself and Target as discussions moved into October of 2018. [Dkt. # 51]. Then, at the end of the month, Target was heard from, as it filed a motion to enforce a settlement it claimed it had entered into with Ty. [Dkt. # 55]. Ty responded, saying it had not agreed to terms Target had inserted in its draft of the proposed settlement agreement. [Dkt. # 58]. Judge Pallmeyer denied Target's motion to enforce the parties' settlement without discussion on December 7, 2018. [Dkt. #69].

The usual discovery problems ensued, and further extensions were granted. On March 29, 2019, Ty filed a motion to compel production of documents from the defendants. [Dkt. # 82]. Judge Pallmeyer entered and continued the motion and did not set a briefing schedule. [Dkt. #84]. On May 27, 2019, Target sought a stay of this case pending a response from the Register of Copyrights on an issue in the case. [Dkt. #86]. Judge Pallmeyer entered and continued this motion as well, but set a briefing schedule through July 1, 2019. [Dkt. #93]. Discovery was set to close on October 30, 2019. [Dkt. # 102]. Judge Pacold, to whom this case was now reassigned on August 23, 2019, extended that deadline to December 16, 2019. [Dkt. #124].

Judge Pallmeyer allowed MGS's attorneys to withdraw as counsel on July 23, 2019 [Dkt. # 109], leaving MGS, a corporation, unrepresented. Thereafter, it did not hire new counsel even though

a corporation cannot appear *pro se* in the federal courts. *See, e.g., Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 860 (7th Cir. 2016); *Nocula v. UGS Corp*., 520 F.3d 719, 725 (7th Cir. 2008). MGS remains unrepresented to this day. About the time MGS's attorneys were withdrawing and MGS was proceeding *pro se*, Ty served requests to admit on MGS at their last known address in Hong Kong, the same address their former attorneys used to serve them with their motions to withdraw. [Dkt. #107-1, 122].

That brings us up to date, with things more or less in limbo. There is a pending motion to stay the case. One of the two corporate defendants continues to proceed *pro se*, in violation of the rules. As for the eight-month-old motion to compel, Target says it's moot, ostensibly because it has produced all the responsive materials it has. Ty says it's not moot. [Dkt. # 128]. They should be prepared to discuss that at the hearing.

As for the Rule 36(a)(3) sanctions motion, MGS, not surprisingly, has never responded to the requests to admit. That, means, as Ty argues in its sanctions motion, that those requests are, under the Federal Rules, deemed admitted. Fed.R.Civ.P. 36(a)(3); *Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli*, 575 F.3d 693, 696 (7th Cir. 2009); *Nautilus Ins. Co. v. Reuter*, 537 F.3d 733, 741 (7th Cir. 2008). But, MGS has essentially been in default since July, although no default has been entered. *Cf. Firestone Fin. LLC v. Meyer*, 881 F.3d 545, 548 (7th Cir. 2018)(district court defaulted unrepresented corporations); *In re Snyder*, 939 F.3d 92, 98 (2d Cir. 2019)(district court warned unrepresented corporation that it would be defaulted); *Williams v. Advanced Urgent Care of City Line LLC*, 744 F. App'x 50, 53 (3d Cir. 2018)(repeated default warning to unrepresented corporation). Judge Pacold did order MGS to obtain counsel on October 25th [Dkt. #124], but it did not, and nothing has happened since then.

Under federal law, I am without authority to enter a default or default judgment in this case. By the same token, Target is without authority to take up representation of MGS. Target has filed a brief in response to Ty's motion to have the unanswered requests deemed admitted. That's because a number of the requests to admit – if deemed admitted – would essentially establish liability for infringement on MGS's part, and potentially inveigle Target in that liability. It must be said that the timing of Ty's requests to admit – immediately in the wake of MGS's attorneys withdrawing – was a little sketchy. "Litigation is adversarial, not a game of gotcha." *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 419 (7th Cir. 2019). But, again, as the district court has not entered a default, it was a course of action available to Ty. A corporate defendant who cannot proceed *pro se* cannot cause the case against it to be halted interminably or for the course of discovery to be halted while it takes no action to secure substitute counsel. It bears repeating that that task could not be taken up by its corporate co-defendant. MGS did not properly object through counsel to the requests as being out of bounds, and thus it is too late. *See* Fed.R.Civ.P. 36(a)(3)(matter deemed admitted after 30 days if party neither responds nor objects). Moreover, Target never objected or took any position as to the requests to its co-defendant that impermissibly proceeded to participate unrepresented for months on end.

The sanction – admission – is automatic under the rules and the only course for avoiding it is a motion to withdraw the admissions before the trial court. Fed.R.Civ.P. 36(b); *In re Greene*, 310 F. App'x 17, 20 (7th Cir. 2009); *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005) *see also Creative Trade Grp., Inc. v. Int'l Trade All., Inc.*, No. 08 C 2561, 2009 WL 3713345, at *9 (N.D. Ill. Nov. 4, 2009) ((Pallmeyer, J.)("Rule 36 is self-executing, meaning that an admission is automatically established by operation of the rule, with no court intervention required."); *Matthews*

*v. Homecoming Financial Network*, 2006 WL 2088194 at *2 (N.D.Ill.2006).

Accordingly, the Motion to Deem Facts Admitted as Against MGS Group, Ltd. for Failure to Comply with Rule 36 [Dkt. # 122] is moot since admission under the Federal Rules of Civil Procedure and the circumstances presented here is automatic. Whether and how some or all of the automatic admissions of MGS Group can be used against Target is a matter I need not decide.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 12/3/19